IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| SERGEI KUSYAKOV, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 315-011 |
| ) | |
| STACEY STONE, Warden, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

Petitioner, a citizen of Russia, was sentenced on April 8, 2013 to forty-eight months imprisonment and two years of supervised release based on his convictions in the Middle District of Florida for one count of Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, and four counts of Wrongful Disclosure of Individually Identifiable Health Information, in violation of 42 U.S.C. § 1320d-6(a) and 18 U.S.C. § 2. (Doc. no. 1, p. 2 & App. I; doc. no. 6-1, Ex. 2.)  An immigration detainer was

lodged against Petitioner on November 6, 2013. (Doc. no. 6-1, Ex. 4.) Petitioner's projected release date is March 16, 2016. (Doc. no. 6-1, Ex. 1, p. 1.)

Petitioner pursued a transfer to a Residential Reentry Center ("RRC") or home confinement through the administrative procedures at MCF. (Doc. no. 6-1, Exs. 5, 6.) The Bureau of Prisons ("BOP") denied the request because Petitioner's Public Safety Factor ("PSF") of Deportable Alien makes him ineligible for placement in such programs. (Id.) BOP defines PSF as "relevant factual information regarding the inmate's current offense, sentence, criminal history, or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." (Doc. no. 6-1, Ex. 9, BOP Program Statement 5100.08, Chapter 5, p. 7 (2006). BOP defines "Deportable Alien" as:

> A male or female inmate who is not a citizen of the United States. All long-term detainees will have this PSF applied. When applied, the inmate or the long-term detainee shall be housed in at least a Low security level institution.
>
> The PSF shall not be applied, or shall be removed when the U.S. Immigration and Customs Enforcement (ICE) or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings . . . . Additionally, the PSF shall not be applied if the inmate has been naturalized as a United States citizen.

Id. at 9.

Petitioner filed the instant action asserting that BOP has not provided him with an "individualized determination" for home detention pursuant to 18 U.S.C. § 3624(c) and 28 C.F.R. § 570.22. (See generally doc. no. 1.) Under § 3624(c):

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will

2

> afford that prisoner a reasonable opportunity to adjust to and prepare for the
> reentry of that prisoner into the community. Such conditions may include a
> community correctional facility.

Under 28 C.F.R. § 570.22: "Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part."

Petitioner also challenges his PSF of Deportable Alien because he argues that he is not deportable for two reasons. (Doc. no. 1, pp. 3-6.) First, he has non-frivolous grounds against deportability and outlines the argument he will make to immigration authorities about why the elements of his conviction should not make him deportable. Second, even if an immigration judge finds Petitioner deportable, he asserts he is eligible for Cancellation of Removal under 8 U.S.C. § 1229b(a).[1] Therefore, he wishes for the Court to require MCF and BOP to give him an individualized hearing for home detention without taking his PSF of Deportable Alien into account. (Id. at 6, 15.)

Respondent contends that Petitioner may not bring his claims in a § 2241 petition, and alternatively, is not entitled to relief on the merits of his claims. (See generally doc. no. 6.)

## II. DISCUSSION

### A. Petitioner May Bring His Claims in a § 2241 Petition.

Respondent first asserts a § 2241 petition is not the proper vehicle for Petitioner's

---

[1]"The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien: (1) has been an alien lawfully admitted for permanent residence for not less than 5 years; (2) has resided in the United States continuously

3

claims because they concern the denial of a transfer to an RRC and/or home confinement, as opposed to the execution or duration of his sentence. See, e.g., Caba v. United States, No. CV 3:10-082, 2010 WL 5437269, at *2 (S.D. Ga. Nov. 30, 2010) *adopted by*, No. CV 310-082, 2010 WL 5441919 (S.D. Ga. Dec. 27, 2010); Fellove v. Wells, CV 310-058, 2010 WL 4928869, at *1 (S.D. Ga. Nov. 30, 2010). However, this Court has considered such allegations in a § 2241 petition, and the Eleventh Circuit has found that challenges by a federal prisoner to his place of confinement may be considered in a § 2241 petition. See United States v. Saldana, 273 F. App'x 845, 846 (11th Cir. 2008); Baranwal v. Stone, No. CV 314-098, 2015 WL 171410, at *1-2 (S.D. Ga. Jan. 13, 2015). Thus, Petitioner can arguably bring his claims in a § 2241 petition, and the Court rejects Respondent's request for outright dismissal. In any event, as explained below, Petitioner is not entitled to the relief he seeks.

### B. Petitioner's Claims Fail on the Merits.

Petitioner's arguments are encapsulated in two claims. First, he is challenging his designation of Deportable Alien because he requests that BOP give him an individualized determination for RRC placement or home detention without taking this PSF into account. Second, he is asking the Court to review BOP's determination that he is ineligible for a RRC or home detention under § 3624(c) because BOP did not properly weigh and consider certain circumstances related to his deportability. Petitioner is not entitled to relief on either claim.

---

for 7 years after having been admitted in any status; and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).

### 1.     Petitioner Has Not Alleged a Violation of the Constitution, Laws, or Treaties of the United States.

Because Petitioner is directly challenging his security classification, there are three reasons why these allegations do not rise to the level of a violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241(c)(3). First, because federal prisoners do not possess a liberty interest in their security classification, a claim that the PSF deprives Petitioner of liberty without due process in violation of the Fifth Amendment must fail. See Sandin v. Conner, 515 U.S. 472, 487 (1995); Meachum v. Fano, 427 U.S. 215, 225 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Jennings v. Fed. Bureau of Prisons, 344 F. App'x 954, 955 (5th Cir. 2009); Morrison v. Woodring, 191 F. App'x 606, 606 (9th Cir. 2006). Nor do federal prisoners possess a liberty interest in early release, rehabilitative programs, or the place of their confinement. See, e.g., See McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum, 427 U.S. at 225; Moody, 429 U.S. at 88 n.9, 97; Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); Borrero v. Wells, No. CV 309-096, 2010 WL 3292696, at *2 (S.D. Ga. May 25, 2010), *adopted by*, No. CV 309-096, 2010 WL 3292694 (S.D. Ga. Aug. 19, 2010).

Second, prison officials do not offend equal protection principles by excluding prisoners from such programs because of their security classification or the existence of a detainer lodged against a prisoner. See, e.g., McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999); Caba, No. CV 3:10-082, 2010 WL 5437269, at *2, *adopted by*, 2010 WL 5441919. Third, to the extent Petitioner alleges BOP has violated its own Program Statements, such claims do not entitle Petitioner to the relief he seeks. Program Statements

5

are not substantive law, but rather are categorized as internal agency policies, guidelines or interpretive rules. See Reno v. Koray, 515 U.S. 50, 61 (1995)   Therefore, even if the Court were to assume, for the sake of argument, non-compliance with a Program Statement had occurred, any such claim would not allege a violation of the Constitution, laws, or treaties of the United States as would be necessary to obtain federal habeas corpus relief. See Reeb v. Thomas, 636 F.3d 1224, 1227-28 (9th Cir. 2011).

### 2. This Court's Review of BOP's Decision Pursuant to § 3624(c) Is Severely Restricted.

As discussed above, Petitioner asserts that BOP did not properly consider and weigh that he purportedly has non-frivolous grounds against deportability, and even if he is found to be deportable, he is "clearly" eligible for Cancellation of Removal.  BOP denied Petitioner's request for placement in an RRC or home confinement because Petitioner had properly been assigned the PSF of Deportable Alien, which rendered him ineligible for such placement.  (See doc. no. 6-1, Exs. 5, 6.)  Indeed, Petitioner is not a United States citizen, and neither ICE nor EOIR has made a determination (1) that deportation proceedings are unwarranted, or (2) not to deport Petitioner.   (See id.; Ex. 9, BOP Program Statement 5100.08, Chapter 5, p. 9.)  This determination by BOP regarding Petitioner's ineligibility for home detention under § 3624(c) amounts to a decision on his facility placement as a federal inmate under § 3621(b). See 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").

Under the Administrative Procedure Act ("APA"), habeas corpus may be used to challenge BOP action. See 5 U.S.C. § 703. However, in 18 U.S.C. § 3625, Congress has specified that the sections of the APA governing judicial review, 5 U.S.C. §§ 701–706, "do not apply to the making of any determination, decision, or order under" any provision of 18 U.S.C. §§ 3621 to 3626. Additionally, § 3625 entirely precludes judicial review of determinations by BOP under the relevant statutes except to the extent that a prisoner seeks to challenge BOP rule-making decisions. See Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000). Where Congress by statute has precluded judicial review of an agency decision, a court's review is limited to whether the agency has acted outside its statutory limits or has violated the Constitution. See Webster v. Doe, 486 U.S. 592, 603-04 (1988); Santiago–Lebron v. Fla. Parole Comm'n, 767 F. Supp.2d 1340, 1351 (S.D. Fla. 2011); Klatch v. Rathman, No. 1:13-CV-01452-WMA, 2014 WL 537021, at *11 (N.D. Ala. Feb. 10, 2014); Paradis v. Keller, No. 1:10-CV-2354, 2011 WL 2790480, *4 n.3 (N.D. Ga. June 13, 2011).

Here, § 3624(c), citing § 3621, explicitly leaves the designation of the place of confinement to the discretion of BOP. Indeed, other courts to address this issue have determined that § 3624(c) does not create a liberty interest because it refers to no mandatory procedures, and Petitioner cites no case law to the contrary. See Gambino v. Gerlinski, 96 F. Supp.2d 456, 459 (M.D. Pa.) *aff'd*, 216 F.3d 1075 (3rd Cir. 2000) (collecting cases). Accordingly, there is no basis for the Court to review BOP's placement decision pursuant to the APA.

In sum, because Petitioner has not shown that his confinement is in violation of the Constitution, laws, or treaties of the United States, he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the § 2241 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 5th day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA